HUG & SARACHEK ART CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 12752.    Promulgated January 4, 1929.

*Mastine E. Geschwind*, C. P. A., for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

Morris: The petitioner's counsel, on direct examination, developed to our satisfaction the cost of the various obsolete and damaged articles included in the petitioner's inventory at December 31, 1920, and also that these articles had not been sold because of their damaged condition or obsoleteness. We are not satisfied, however, that the market value, which purports to be lower than cost, has been properly evidenced. We are told that these items were repriced at figures ranging from 33⅓ to 50 per cent off, and that a diligent effort was made to sell them at a sale which took place shortly after December 31, 1920. We learn on cross-examination that the sale which took place after December 31, 1920, was not merely for the purpose of disposing of the damaged or obsolete stock, but was a general sale which was held every year. Of course, the witness testified that the reduction at that sale in 1921 on saleable articles was only 25 per cent instead of 33⅓ to 50 per cent, but these factors do not, without more, establish the true market values so that we may find as a fact just exactly what those values were.

As to such items in the inventory as the petitioner alleges were unsaleable due to their damaged or obsolete condition, the evidence is that this condition existed prior to the taxable year. These items had been in stock for a number of years, were on hand in 1919, and as the witness, Hug, himself, testified "were in the same condition in 1919 as they were at the end of 1920." This being the case, any

loss in respect thereto was sustained in a prior taxable year, when the items became unsaleable and should have been accounted for by the exclusion of these items from the inventory of such year.

Under the facts of the case we are of the opinion that the petitioner has not adduced sufficient evidence to overcome the prima facie correctness of the respondent's determination.

*Judgment will be entered for the respondent.*